**I**

**CHOW GEE, Appellant, v. UNITED STATES of America, Appellee.**

Circuit Court of Appeals, Fifth Circuit. March 3, 1928.

Rehearing Denied March 31, 1928. No. 5060.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Louis H. Burns, Judge.

Hugh S. Suthon, of New Orleans, La., for appellant.

W. G. Borah, U. S. Atty., and E. E. Talbot, Asst. U. S. Atty., both of New Orleans, La., for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

PER CURIAM. The order or decree appealed from is affirmed.

═══════

**2**

**CONSOLIDATED TEXTILE CORPORATION, Plaintiff-Appellant, v. COHN–HALL–MARX COMPANY, Inc., Defendant-Appellee.**

Circuit Court of Appeals, Second Circuit. February 6, 1928.

No. 142.

Appeal from the District Court of the United States for the Southern District of New York.

Duell, Dunn & Anderson, of New York City (Clifford E. Dunn and David A. Woodcock, both of New York City, of counsel), for appellant.

J. Granville Meyers, of New York City (Thomas J. Johnston and Charles S. Jones, both of New York City, of counsel), for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM. Decree affirmed, with costs.

**3**

**CORONA COAL COMPANY, Claimant of Steam Tug ADLER, Appellant, v. UNITED FRUIT STEAMSHIP CORPORATION, Appellee.**

Circuit Court of Appeals, Fifth Circuit. March 31, 1928.

No. 5170.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Louis H. Burns, Judge.

Richard B. Montgomery and Richard B. Montgomery, Jr., both of New Orleans, La., for appellant.

Philip S. Gidiere, of New Orleans, La. (Philip S. Gidiere and Spencer, Gidiere, Phelps & Dunbar, all of New Orleans, La., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

PER CURIAM. While the steamship Abangarez was lying in the Mississippi river in the port of New Orleans made fast to a dock, she was run into by the steam tug Adler, while that tug was attempting to descend the river for the purpose of getting alongside another vessel which was docked at a point below the Abangarez. The Adler was libeled for the damage to the Abangarez caused by the collision. The claim asserted by the libel was resisted on the ground that the collision was the result of inevitable accident. The decree was in favor of the libelant for the amount which the parties stipulated was the amount of damages sustained by the libelant as a result of the collision. We are of opinion that the evidence did not show that the collision was due to inevitable accident, and that the court did not err in rendering the decree appealed from. That decree is affirmed.